UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JAMES E. EMMERICK | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | 3:07cv-417 |
| | ) | *Jordan* |
| | ) | |
| SHERIFF RON SEALS, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM**

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion for summary judgment filed by seven of the 14 named defendants, the motion to dismiss certain claims filed by the same seven defendants together with four additional defendants, and plaintiff's responses to the motions. For the following reasons, the motion for summary judgment and the motion to dismiss will be **GRANTED**.

I.      Standards of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th

Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36 (citations omitted).

2

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

II.     Factual Background

Plaintiff brought this action while in the custody of the Tennessee Department of Correction; he has since been released from prison. His complaint concerns an alleged denial of medical care, along with other alleged constitutional violations, that occurred during plaintiff's confinement in the Sevier County Jail. The defendants are Sevier County Sheriff Ron Seals; Captain Kent Hatcher; Captain Don Parton; medical personnel Tammy Parton and Amanda Parton; Dr. Tim Thomason; Sevier County, Tennessee; and the Sevier County

Commission, being Ron Ogle, Bryan Delius, David Norton, Kenneth Whaley, Jimmie Temple, Jimbo Conner, and Tony Proffitt.

Plaintiff specifically alleges the following with respect to his health: he has liver inflammation and liver failure from advanced hepatitis C; he suffers from seizures; he is legally blind as the result of a head trauma; and he has serious high blood pressure. Plaintiff claims that the defendants failed to give him his required medications during his confinement in the jail. He also claims that, being blind, he was in danger from the overcrowded conditions and that he needed a special bed because of his seizures but did not receive one. According to plaintiff, the state judge ordered that he be transferred to the custody of the Tennessee Department of Correction because of his health issues, but that was not done. In addition to his allegation of overcrowding, plaintiff further claims that the jail has no health screening and no law library, improperly classifies inmates, does not provide an adequate diet, and has a continuing problem with staph infections.

The seven members of the Sevier County Commission, Ron Ogle, Bryan Delius, David Norton, Kenneth Whaley, Jimmie Temple, Jimbo Conner, and Tony Proffitt, have filed a motion for summary judgment based upon legislative immunity and qualified immunity. These seven commissioners, along with Sheriff Ron Seals, Captain Kent Hatcher, Captain Don Parton, medical personnel Tammy Parton and Amanda Parton, and Sevier County, Tennessee, have also filed a motion to dismiss many of plaintiff's claims for failure to state a claim upon which relief can be granted.

III. Discussion

In his complaint, plaintiff stated the following claim against the individual commissioners of the Sevier County Commission:

> The defendants of the Sevier County, County Commission "being" Ron Ogle, Bryan Belius [sic], David Norton, Kenneth Whaley, Jimmie Temple, Jimbo Connet [sic], and Tony Proffitt are responsible for appropriating funds for the upkeep of the Sevier County Jail and writing policies to insure that the facility is ran [sic] accordingly [sic] to their specifications and County policies and procedures. The defendants of the Sevier County Commission are being sued in their individual and official capacities, and all other members of the County Commission that through discovery may prove also to be liable for violations of plaintiff's civil rights during his incarceration at the Sevier County Jail.

[Court File No. 3, Civil Rights Complaint, p. 5, ¶ 9]. The commissioners move for summary judgment based upon legislative immunity and qualified immunity.

Local legislators enjoy absolute immunity from suit under § 1983 for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998); *De la Biblia Abierta v. Banks*, 129 F.3d 899, 903-04 (7th Cir.1997) (reversing denial of summary judgment based on absolute legislative immunity for local aldermen). Plaintiff's federal claims against the Sevier County Commissioners are based on the theory that the commissioners failed to appropriate funds and establish policies for the upkeep of the jail. Appropriating funds and establishing policies clearly fall within the protected sphere of legislative activity. *Bogan*, 523 U.S. at 55 ("Petitioner Bogan's introduction of a budget and signing into law an ordinance also were formally legislative, even though he was an executive official."). Thus, on plaintiffs' federal claims, the Sevier County Commissioners are entitled to legislative immunity from suit.

Plaintiff claims that the county commissioners had a duty under Tennessee law to provide him with medical care and relies on section 41-4-115 of the Tennessee Code Annotated: "The county legislative bodies alone have the power, and it is their duty, to provide medical attendance upon all prisoners confined in the jail in their respective counties." Tenn. Code Ann. § 41-4-115(a). Plaintiff further claims that this is a ministerial act, which the commissioners were negligent in performing, and thus they are not entitled to legislative immunity.

The fact that the county commission has the duty to provide for medical care for prisoners does not, however, mean that each commissioner has the specific duty to act. The Sixth Circuit has noted as follows:

> Because section 1983 has a "color of law" requirement, a board member can be held liable only if state law, whether provided by statute or judicially implied, empowers him with some legal obligation to act. A "duty" under "color of law" must be a distinct element of a section 1983 case alleging a "failure to act." That is, a plaintiff must show that an individual defendant failed to act under color of law. If state law does not impose a duty to take action, "there is no conduit through which an exercise of state power can be said to have caused the constitutional injury."

*Doe v. Claiborne County*, 103 F.3d 495, 512 (6th Cir. 1996) (quoting *Doe v. Rains County Independent School District*, 66 F.3d 1402, 1411 (5th Cir. 1995)).

In addition, an individual commissioner's position as a member of the Sevier County Commission does not, without more, establish that he was acting under color of law. *Id.* The Tennessee statutes governing county commissions do not impose a duty on individual commissioners to act separately from the commission. *See* Tenn. Code Ann. § 5-5-1-1 *et seq*.

6
Case 3:07-cv-00417   Document 49   Filed 11/03/08   Page 6 of 9   PageID #: 527

Based upon the foregoing, the court finds that the individual commissioners are entitled to judgment as a matter of law based upon legislative immunity and their motion for summary judgment will be **GRANTED** in that regard. The court having found the commissioners are entitled to legislative immunity, the court need not address the commissioners' claim of qualified immunity.

The commissioners also move to dismiss plaintiff's claims against them because they enjoy immunity under state law pursuant to Tenn. Code Ann. § 29-20-201. To the extent the commissioners seek to dismiss any pendent state law claims against them, the motion to dismiss will be **GRANTED**.

Sheriff Ron Seals moves to dismiss all pendent state law claims against him, to the extent the plaintiff has alleged such claims, based upon the fact that he is immune from claims arising under state law for the acts or omissions of his deputies pursuant to Tenn. Code Ann. § 8-8-301. The motion to dismiss with be **GRANTED** to the extent all pendent state law claims against defendant Seals, if any, will be **DISMISSED**.

Defendants Kent Hatcher, Don Parton, Tammy Parton, and Amanda Parton move to dismiss the claims against them in their official capacities. Defendant Tim Thomason was not included in the defendants' motion to dismiss[1]; defendant Ron Seals was not included in

---

[1] Defense counsel Rhonda L. Bradshaw filed a notice of appearance for all defendants except Dr. Tim Thomason. The court notes, however, that defense counsel filed a general answer on behalf of all defendants, which would include Dr. Thomason.

7

the motion to dismiss in this regard. Nevertheless, defendants Ron Seals and Tim Thomason stand in the same position as the other defendants.

A suit under § 1983 against a county official in his or her official capacity is in fact a suit against the county itself. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Sevier County, Tennessee, is a defendant in this action and thus is the proper party to address plaintiff's claims against the county officials in their official capacities. Accordingly, the motion to dismiss will be **GRANTED** to the extent the claims against Ron Seals, Kent Hatcher, Don Parton, Tim Thomason, Tammy Parton, and Amanda Parton in their official capacities will be **DISMISSED**.

IV.     Conclusion

Defendant Sevier County Commissioners Ron Ogle, Bryan Delius, David Norton, Kenneth Whaley, Jimmie Temple, Jimbo Conner, and Tony Proffitt will be **DISMISSED** from this action. All pendent state law claims against defendant Seals, if any, will be **DISMISSED**. The claims against Ron Seals, Kent Hatcher, Don Parton, Tim Thomason, Tammy Parton, and Amanda Parton in their official capacities will be **DISMISSED**. There remain pending for trial plaintiff's federal constitutional claims against Sevier County, Tennessee, and his claims against Ron Seals, Kent Hatcher, Don Parton, Tim Thomason,

Tammy Parton, and Amanda Parton in their individual capacities for the violation of plaintiff's civil rights.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>United States District Judge