UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


JAMES E. EMMERICK         )
                        )
      *Plaintiff,*         )
                        )
v.                    )     3:07-cv-417
                        )     *Jordan*
                        )
SHERIFF RON SEALS, et al.,    )
                        )
      *Defendants.*      )


## <u>MEMORANDUM</u>


This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before

the court on the motion for summary judgment filed by Tim Thomason [Court File No. 61],

the motion for summary judgment filed by Sevier County, Tennessee, Ron Seals, Kent

Hatcher, Don Parton, Tammy Parton, and Amanda Parton [Court File No. 64], and plaintiff's

responses thereto. For the following reasons, the motions for summary judgment will be

**GRANTED** as set forth herein. All other pending motions will be **DENIED** as **MOOT**.

I.       Standard of Review

Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party."  *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).  *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists.  *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36 (citations omitted).

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its

2

position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.


II.    Factual Background

Plaintiff brought this action while in the custody of the Tennessee Department of Correction; he has since been released from prison. His complaint concerns an alleged denial of medical care, along with other alleged constitutional violations, that occurred during plaintiff's confinement in the Sevier County Jail. The named defendants are Sevier County Sheriff Ron Seals; Captain Kent Hatcher; Captain Don Parton; medical personnel Tammy Parton and Amanda Parton; physician's assistant Tim Thomason; Sevier County, Tennessee; and the Sevier County Commission, being Ron Ogle, Bryan Delius, David Norton, Kenneth Whaley, Jimmie Temple, Jimbo Conner, and Tony Proffitt.

Plaintiff specifically alleges the following with respect to his health: he has liver inflammation and liver failure from advanced hepatitis C; he suffers from seizures; he is legally blind as the result of a head trauma; and he has serious high blood pressure. Plaintiff claims that the defendants failed to give him his required medications during his confinement in the jail. He also claims that, being blind, he was in danger from the overcrowded conditions and that he needed a special bed because of his seizures but did not receive one. According to plaintiff, the state judge ordered that he be transferred to the custody of the Tennessee Department of Correction because of his health issues, but that was not done. In addition to his allegation of overcrowding, plaintiff further claims that the jail has no health screening and no law library, improperly classifies inmates, does not provide an adequate diet, and has a continuing problem with staph infections.

In a previous Memorandum the court dismissed all claims against the Sevier County Commissioners, the claims against the remaining individuals in their official capacities, and any pendent state law claims against defendant Seals. Thus there remain plaintiff's federal constitutional claims against Sevier County, Tennessee, and his claims against Ron Seals, Kent Hatcher, Don Parton, Tim Thomason, Tammy Parton, and Amanda Parton in their individual capacities for the violation of plaintiff's civil rights. Those defendants now move for summary judgment as to the remaining claims.

4

III.   <u>Discussion</u>

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment."  Conditions of confinement that are cruel and unusual are included in the Eighth Amendment's prohibition.  A prison official violates an inmate's rights under the Eighth Amendment if, acting with deliberate indifference, the official exposes the inmate to a substantial risk of harm to his health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A claimed Eighth Amendment violation has two components, each of which an inmate is required to prove.

First, the deprivation must be objectively serious so as to result in a substantial risk of serious harm.  *Farmer*, 511 U.S. at 834.  The second component of an Eighth Amendment claim is a subjective one.  There must be a showing of deliberate indifference on the part of the prison official.  *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Brooks v. Celeste*, 39 F.3d 125, 127-128 (6th Cir. 1994).  This requires a showing of more than negligence or lack of due care.  It must be shown that the prison official exhibited at least reckless disregard of the inmate's serious health risk.  A prison official to be liable, "must both be aware of facts from which the inference could be drawn that a serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.

The Eighth Amendment's ban against cruel and unusual punishment obliges prison authorities to provide medical care for prisoners' serious medical needs.  In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle*

*v. Gamble*, 429 U.S. 97, 106 (1976). Likewise, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id.* "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

At the outset, the court notes that a municipality may be liable under 42 U.S.C. § 1983 for constitutional violations which result from acts representing official policy of the governmental entity. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). "However, a municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents; the doctrine of respondeat superior is inapplicable." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Plaintiff does not claim that the alleged violation of his constitutional rights was the result of any custom or policy on the part of Sevier County, Tennessee. Accordingly, Sevier County, Tennessee, is entitled to judgment as a matter of law and its motion for summary judgment will be **GRANTED**.

In an affidavit submitted in support of his motion for summary judgment, defendant Thomason testifies that he is a physician's assistant who, along with another physician's assistant, treated prisoners in the Sevier County Jail under the supervision of a medical doctor. [Court File No. 61, Exhibit 1, Affidavit of Tim Thomason, p. 1]. Defendant Thomason further testifies as follows:

> We had available Mr. Emmerick's family doctor's medical records and used them as appropriate. Mr. Emmerick was seen by the other members of my group as previously mentioned and I only saw him a few times. I knew he had been diagnosed with border-line hypertension [high blood pressure], border-line diabetic, seizure disorder and Hepatitis C. I treated him appropriately for each of these conditions and he was monitored for his Hepatitis C condition which did not show any signs of worsening. At one point in time, I stopped his anti-inflammatory medicine because it was aggravating his high blood pressure. On multiple occasions Mr. Emmerick was transferred to the Fort Sanders Sevier County Hospital for tests to verify that his condition was not getting worse and to verify that our course of treatment for him was correct which the hospital staff did. From my examination and treatment, as well as the others of my group, there is no medical reason for his claimed increased pain and there is no medical evidence that any of his conditions got worse while under our care.

[*Id*. at 1-2].

Rule 56(e)(2) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Plaintiff did not file a countervailing affidavit in response to defendant Thomason's dispositive motion, but rather filed a response in which he merely denied the defendant's

testimony. The United States Court of Appeals for the Sixth Circuit has found that a plaintiff's verified complaint, to the extent that the allegations therein are based on personal knowledge, satisfies the requirements of Rule 56(e) as an opposing affidavit. *Hooks v. Hooks*, 771 F.2d 935, 945-46 (6th Cir. 1985). *See also Williams v. Browman*, 981 F.2d 901, 904-05 (6th Cir. 1992); 28 U.S.C. §1746. Plaintiff did not, however, sign his complaint under penalty of perjury or otherwise swear to its veracity. Accordingly, the court cannot consider plaintiff's complaint as an opposing affidavit.

Moreover, in his complaint and in his response to the motion for summary judgment, plaintiff makes conclusory allegations concerning his medical problems and the denial of care. Plaintiff has failed to submit, however, any evidence to support his allegations and thus has failed to demonstrate a genuine issue for trial. *See Napier v. Madison County, Kentucky*, 238 F.3d 739 (6th Cir. 2001). "Specifically, we adopt the holding in *Hill* that '[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Id*. at 742 (quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994)). *See also Rumsey v. Martin*, 28 Fed.Appx. 500, 502 (6th Cir. 2002) (plaintiff inmate did not submit "medical evidence which clearly show[ed] that his condition deteriorated because of a delay in filling his prescriptions").

In fact, based upon the medical evidence submitted by plaintiff [Court File No. 48, Notice of Filing Exhibits A through N1, Collective Exhibit H], it is clear that plaintiff received medical treatment during his confinement in the Sevier County Jail. "Where a

8

prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

In addition, plaintiff does not allege that he received any physical injury from the alleged denial of medical care, but only suffered mental anguish. Plaintiff confirmed that in his deposition, when he stated that he suffered "mental anguish" from the alleged violation of his rights but that he sustained "no injuries" during his confinement in the Sevier County Jail. [Court File No. 66, Memorandum in Support of Motion for Summary Judgment, Exhibit 1, Excerpt of Deposition of James Erick Emmerick, pp. 114 & 130, respectively]. Pursuant to the Prison Litigation Reform Act, an inmate may not recover damages for mental or emotional suffering in the absence of a physical injury: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Based upon the foregoing, defendant Thomason is entitled to judgment as a matter of law as to plaintiff's allegations that he was denied medical care and his motion for summary judgment will be **GRANTED**. Likewise, the remaining defendants are entitled to judgment as a matter of law as to plaintiff's medical claims and their motion for summary judgment will be **GRANTED** as to the medical claims. With respect to plaintiff's remaining claims,

9

the remaining defendants move for summary judgment based upon, *inter alia*, plaintiff's failure to properly exhaust all available administrative remedies.

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. §1997e. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Bock v. Jones*, 127 S. Ct. 910, 918-19 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants).

In his complaint, plaintiff stated that he had "written the proper grievances" to jail officials. [Court File No. 3, Civil Rights Complaint, p. 3]. He did not attach copies of his grievances to his complaint. In his response to a prior motion to dismiss, plaintiff attached copies of grievance he filed with the jail [Court File No. 37, Response, Exhibits C1-C6]; the originals of those grievances were subsequently filed with the court as plaintiff's exhibits [Court File No. 48, Notice of Filing Exhibits A through N1, Exhibits C1-C6]. These grievances, however, addressed only plaintiff's requests for medication and medical treatment.

Under the circumstances, the court finds that plaintiff's complaint with respect to his remaining claims should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Accordingly, the motion for summary judgment filed by Ron Seals,

Kent Hatcher, Don Parton, Tammy Parton, and Amanda Parton will be **GRANTED** to that extent.

IV.    Conclusion

The defendants' motions for summary judgment will be **GRANTED** as set forth herein.  This action will be **DISMISSED**.  All other pending motions will be **DENIED** as **MOOT**.  The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                    _____s/ Leon Jordan_____
                    United States District Judge